**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Owen Arvie Thompson, ) | No. CV-05-01388-PHX-FJM |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Dora Schriro, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

The court has before it petitioner's petition for writ of habeas corpus (doc. 1), respondent's answer (doc.12), petitioner's reply (doc. 18), the report and recommendation of the United States Magistrate Judge ("R & R") (doc. 27) and petitioner's objections (doc. 32). Respondents did not respond to the objections, and the time for filing a response has expired. For the reasons stated below, we adopt the Magistrate Judge's recommendation in full.

Petitioner asserts that he is entitled to habeas relief from his 2000 state court conviction because it violated both the Due Process Clause of the Fourteenth Amendment and his Sixth Amendment right to effective assistance of trial and appellate counsel. See Petition at 5, 6. The Magistrate Judge recommends dismissal of the Due Process claim because petitioner did not exhaust his state remedies, and alternatively because the claim lacks merit. The Magistrate Judge concludes that petitioner's Sixth Amendment claim lacks merit because the conduct petitioner complains of was not prejudicial.

**I.**

Petitioner first objects to the R & R's recommendation that the due process ground be dismissed by contending that the claim was exhausted in the Arizona state courts. Specifically, he alleges that "[p]etitioner has already set forth in some detail" the reasons why the R & R's exhaustion conclusion is "incorrect." Objections at 2 (citing Reply at 11). Citation to a previously filed brief, which the Magistrate Judge has already considered, is not an objection or a request for review that requires us to engage in de novo review of the R & R. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (interpreting 28 U.S.C. § 636 (b)(1)(C)). Therefore, we adopt the Magistrate Judge's recommendation that ground one of the petition be dismissed for failure to exhaust state remedies. However, we reach the same conclusion even if we review the Magistrate Judge's merits-based recommendation that ground one be dismissed.

The Magistrate Judge concludes that admission of prior crimes as propensity evidence does not violate the Due Process Clause. See R & R at 12. We first address petitioner's argument that the Magistrate Judge erred by relying on Estelle v. McGuire, 502 U.S. 62, 75 n.5, 112 S. Ct. 475, 484 n.5 (1991), in reaching its propensity evidence conclusion. See Objections at 3, 4 ("The footnote in Estelle does not represent the actual holding of the Supreme Court in that case and is mere dicta.").

We may not grant habeas relief with respect to any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Importantly, the "as determined by the Supreme Court of the United States" clause expressly *limits* the source of doctrine on which we may rely in addressing a habeas petition. Williams v. Taylor, 529 U.S. 362, 381, 120 S. Ct. 1495, 1506 (2000). "A rule that 'breaks new ground or imposes a new obligation on the

1 States or the Federal Government,' " falls outside the universe of "clearly established law."
2 Id. (citation omitted).

3     The Supreme Court has *not* held that a state law that permits the use of prior crimes
4 as propensity evidence violates the Due Process Clause. See Estelle, 502 U.S. at 75 n.5, 112
5 S. Ct. at 484 n.5 ("Because we need not reach the issue, we express no opinion on whether
6 a state law would violate the Due Process Clause if it permitted the use of 'prior crimes'
7 evidence to show propensity to commit a charged crime."). Therefore, consideration of
8 petitioner's prior crimes as propensity evidence was not contrary to, or an unreasonable
9 application of, clearly established federal law, as determined by the Supreme Court of the
10 United States. It is of no import that the R & R cited to dicta in a footnote to establish that
11 the rule petitioner favors does not exist. To show a due process violation, petitioner had to
12 first establish the existence of clearly established law forbidding the challenged practice.
13 Petitioner has failed to do so, and we therefore reject this objection to the R & R.

14     Petitioner also objects to the R & R's propensity evidence finding by arguing that the
15 Ninth Circuit has held that prior acts introduced for purposes other than propensity violate
16 due process unless "the jury is given a limiting instruction that it should not consider the
17 other crimes evidence as evidence of the defendant's guilt on the charge on which he is
18 currently being tried." Objections at 3 (citing Jammal v. Van de Kamp, 926 F.2d 918 (9th
19 Cir. 1991), McKinney v. Rees, 993 F.2d 1378 (9th Cir. 1993) and United States v. LeMay,
20 260 F.3d 1018, 1024 (9th Cir. 2001)). For the reasons stated above, we conclude that prior
21 acts may be introduced for purposes of propensity. However, we also reject petitioner's
22 objection because Jammal and McKinney are distinguishable; they addressed the
23 introduction of prior acts evidence not in a sex-offense case like petitioner's, but in cases in
24 which the prior acts may *not* be relied upon to establish propensity. "[C]ourts have routinely
25 allowed propensity evidence in sex-offense cases, even while disallowing it in other criminal
26 prosecutions." LeMay, 260 F.3d at 1025.

27
28

1       Even if we construe petitioner's argument as an attack on the manner in which prior
2 acts evidence was admitted in petitioner's state court trial, our conclusion is not altered. The
3 prior acts in this case were admitted pursuant to both Ariz. R. Evid. 404(b) (prior acts
4 admissible to show, among other things, "proof of motive, opportunity, intent, preparation,
5 plan, knowledge, identity, or absence of mistake or accident") and 404(c) ("evidence of other
6 crimes, wrongs, or acts may be admitted by the court if relevant to show that the defendant
7 had a character trait giving rise to an aberrant sexual propensity to commit the offense
8 charged"). See Trial Transcript ("Tr.") at 6, 77, Respondent's Answer Exhibit P.

9       We address the constitutionality of Rule 404(c), Ariz. R. Evid., below. With regard
10 to 404(b), the trial court admitted evidence of prior acts of "touching young boys" to show
11 that petitioner "knew what he was doing and there was a lack of mistake" in the charged case,
12 but "not to show conformity" with the character trait of "touching young boys." Id. at 6. The
13 corresponding jury instruction limited consideration of those prior acts to determination of
14 "the defendant's intent or absence of mistake or accident." Final Jury Instructions at 16. The
15 jury was also instructed that "[y]ou must not consider these acts to determine the defendant's
16 character or character trait or to determine that the defendant acted in conformity with the
17 defendant's character or character trait and therefore committed the charged offense." Id.
18 Therefore, introduction of the prior acts evidence pursuant to 404(b) did not violate
19 petitioner's construction of the applicable Ninth Circuit standard because it included a
20 limiting instruction.

21       Petitioner next objects to the R & R's propensity conclusion by contending that the
22 Ninth Circuit has held that "the introduction of propensity evidence may amount to a
23 constitutional violation if its prejudicial effect substantially outweighs its probative value."
24 Id. See Objections at 3 (citing LeMay, 260 F.3d at 1024). Although the holding in Estelle
25 controls our determination of this issue, we note that even LeMay supports the state court's
26 actions.

27
28

The propensity evidence in this case was admitted pursuant to Ariz. R. Evid. 404(c), see Tr. at 77, which provides that "[i]n a criminal case in which a defendant is charged with having committed a sexual offense . . . evidence of other crimes, wrongs, or acts may be admitted by the court if relevant to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged." This rule is similar in form and function to Rule 414(a), Fed. R. Evid., which states that "[i]n a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." In LeMay, the Ninth Circuit noted that Rule 414, Fed. R. Evid., allows for the admission of propensity evidence in particular criminal cases, creating an exception to Rule 404(b), Fed. R. Evid.'s ban on propensity evidence. 260 F.3d at 1024.  However, LeMay held that "there is nothing fundamentally unfair about the allowance of propensity evidence under Rule 414" because "[a]s long as the protections of Rule 403 remain in place to ensure that potentially devastating evidence of little probative value will not reach the jury, the right to a fair trial remains adequately safeguarded." Id. at 1026.[1]

Rule 404(c), Ariz. R. Evid., requires that if a court admits 404(c) propensity evidence, it must also determine that "[t]he evidentiary value of proof of the other act is not substantially outweighed by danger of unfair prejudice, confusion of issues, or other factors mentioned in Rule 403." Ariz. R. Evid. 404(c)(1)(C). The state trial court here admitted prior acts evidence pursuant to Ariz. R. Evid. 404(c), stating that the "the commission of [the prior] offenses provides a reasonable basis to infer the defendant had a character trait giving rise to the aberrant sexual propensity to commit the crime charged." Tr. at 77. The trial court also adhered to Rule 404(c)(1)(C), Ariz. R. Evid., stating that "having weighed and balanced

---

[1] Rule 403, Fed. R. Evid. provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

- 5 -

the probative value of this evidence, compared to the prejudice that might be there to the jury . . . the probative value substantially outweighs the prejudice, so therefore it is going to be allowed to come in." Id. at 78.  Finally, the trial court noted that the issue of remoteness was addressed in prior proceedings, the acts "are similar" and "the strength of the evidence that the defendant committed the other acts is very strong and the surrounding circumstances compared in this case to those in the previous acts is similar." Id.

The state trial court admitted evidence pursuant to a rule whose federal equivalent has been upheld as constitutional.  Also, the court safeguarded the fairness of the trial by taking into account the considerations of Rule 403, Ariz. R. Evid., a rule that incorporates verbatim the language of Rule 403, Fed. R. Evid.  Therefore, the procedure petitioner complains of is the very kind the Ninth Circuit has already endorsed as constitutional.[2]

Petitioner also contends that the Magistrate Judge erred in finding that the jury instruction regarding prior acts did not violate the Due Process Clause. See Objections at 4-5. Petitioner alleges that here, the instruction at issue "suggests that the jury can rely on the defendant's prior offenses as the **sole** basis of convicting him of the current offenses, even though they are not convinced by the evidence that he is guilty of the current offenses beyond a reasonable doubt, so long as they find the prior offenses true by clear and convincing evidence." Objections at 5 (emphasis in original).

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970).  A jury instruction that reduces the level of proof necessary for the government to carry its burden violates due process. See Cool v. United States, 409 U.S. 100, 104, 93 S. Ct. 354, 357 (1972).  However,

---

[2] Petitioner's criticism of the trial court's introduction of propensity evidence, which so obviously mirrors the practice sanctioned in LeMay, is unpersuasive. Indeed, his objection walks a fine line between zealous advocacy and deliberate misrepresentation of precedent.

- 6 -

"not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." Middleton v. McNeil, 541 U.S. 433, 437, 124 S. Ct. 1830, 1832 (2004). Also, a challenged instruction " 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole." Estelle, 502 U.S. at 72, 112 S. Ct. at 482 (citation omitted). The determining factor in reviewing an ambiguous instruction is " 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." Id.

In Estelle, the challenged prior acts instruction informed the jury that the evidence could only be considered "for the limited purpose of determining if it tends to show . . . a clear connection between the other two offense[s] and the one of which the Defendant is accused, so that it may be logically concluded that if the Defendant committed other offenses, he also committed the crime charged in this case." Id. at 71, 112 S. Ct. at 481. Also, the jury was instructed that the evidence "was not received, and may not be considered by you" to prove that the defendant "is a person of bad character or that he has a disposition to commit crimes." Id. at 67, 112 S. Ct. at 479. The Court held that the challenged instruction was not a propensity instruction that violated the Constitution. Id. at 75, 112 S. Ct. at 483. Rather, the jury likely understood the instruction to mean "that if it found a 'clear connection' between the prior injuries and the instant injuries, and if it found that [the defendant] had committed the prior injuries, then it could use that fact in determining that [the defendant] committed the crime charged." Id. That use of evidence was "parallel to the familiar use of evidence of prior acts for the purpose of showing intent, identity, motive, or plan." Id. Further, the limiting instruction guarded against possible misuse of the evidence. Id.

Here, the prior acts evidence in this case was admitted pursuant to both Rules 404(b) and 404(c), Ariz. R. Evid. However, petitioner only challenges the 404(b) instruction, which provided that:

> Evidence of prior acts has been presented. You may consider these acts only if you find that the State has proved by clear and convincing evidence that the defendant committed these acts. You may only consider these acts to establish

> the defendant's intent or absence of mistake or accident. You must not consider these acts to determine the defendant's character or character trait, or to determine that the defendant acted in conformity with the defendant's character or character trait and therefore committed the charged offense.

Final Jury Instructions at 16. This instruction does not permit the jury to rely on petitioner's prior acts as the sole basis of convicting him on the charged offenses. Rather, as in Estelle, it indicates that the evidence could be used for a limited purpose of establishing intent or lack of mistake or accident, and expressly forbids the use of such evidence for propensity purposes. Indeed, additional instructions stated that "[y]ou must start with the presumption that the defendant is innocent . . . [t]he State must then prove the defendant guilty beyond a reasonable doubt . . . [which] means that the State must prove each element of the charges beyond a reasonable doubt" and "[i]f you conclude that the State had not met its burden of proof beyond a reasonable doubt, then you must find the defendant not guilty of those charges." Final Jury Instructions at 4. We conclude that viewed in the context of the instructions as a whole, there is no reasonable likelihood that the jury applied the challenged instruction in a way that violates due process.[3]

However, even if we construed the instruction as one that permitted propensity evidence, we would reach the same conclusion. The jury was entitled to consider the prior acts as evidence of propensity pursuant to Rule 404(c), Ariz. R. Evid.

---

[3] We do note, however, that the Ariz. R. Evid. 404(b) instruction given in this case tasked the jury with the judge's threshold admissibility inquiry. The instruction did not reduce the level of proof necessary for the prosecution to carry its burden. However, "[i]t is analytically unsound to transpose a proof standard to an admissibility setting," see State v. Terrazas, 189 Ariz. 580, 590, 944 P.2d 1194, 1204 (1997) (Martone, J., dissenting), and it is equally unsound to transpose an admissibility standard to a proof setting. Yet petitioner raises a very different objection to the instruction at issue. He concludes that "the prosecutor's constitutionally required burden to prove the defendant guilty of the current offenses beyond a reasonable doubt . . . is undermined and reduced." See Objections at 5. He does not support that contention with any citation to clearly established federal law, as determined by the Supreme Court of the United States. In fact, what petitioner describes as the challenged instruction's "fundamental problem" (that the jury could rely only on the defendant's prior offenses as the sole basis of convicting him of the current offenses) is contradicted by the wording of the instruction itself.

**II.**

Petitioner objects to the R & R's finding regarding his ineffective assistance of counsel claim by arguing that the Magistrate Judge did not conclude that the petitioner failed to exhaust that claim. See Objections at 2. However, petitioner does not object to the Magistrate Judge's finding that his ineffective assistance of counsel claim should be dismissed on the merits. As such, resolution of the exhaustion issue is not dispositive. Because petitioner has failed to object to the R & R finding that his ineffective assistance of counsel claim lacked merit, we adopt the recommendation that ground two of the petition be dismissed. See Reyna-Tapia, 328 F.3d at 1121.

Accordingly, **IT IS ORDERED DENYING** the petition for writ of habeas corpus (doc. 1).

DATED this 30th day of April, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge